THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MONICA LYNNE COOK, | CASE NO. C24-0117-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CHILDREN YOUTH AND FAMILIES, *et al.*, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. The Court must dismiss a complaint if it appears that it has no jurisdiction to proceed. Fed. R. Civ. P. 12(h)(3). A review of Plaintiff's complaint (Dkt. No. 6) reveals inadequate allegations to support this Court's jurisdiction.

First, Plaintiff must identify the basis for subject matter jurisdiction. Federal courts generally possess two types of subject matter jurisdiction—federal question jurisdiction and diversity of citizenship jurisdiction. In her complaint, Plaintiff checked the box for "Federal question" as the basis for jurisdiction. (*Id.* at 3.) This exists when a plaintiff's claim arises "under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. But it is unclear from the face of the complaint what federal statute or constitutional provision provides Plaintiff the

MINUTE ORDER
C24-0117-JCC
PAGE - 1

basis to file suit. Plaintiff must list the specific federal statutes, federal treaties, and or provisions of the United States Constitution that are at issue in this case, *e.g.*, Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000(e), the private right of action created by 42 U.S.C. § 1983, or some other statute. Moreover, Plaintiff fails to adequately allege *which* Defendant is responsible for *which* act and *how* the acts violated Plaintiff's federal or constitutional rights. (*See generally* Dkt. No. 6.)

Additionally, the Court notes that to state a claim for relief, a pleading must also contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint, as filed, fails to do so.

Based on the above, Plaintiff is ORDERED to show cause why this Court has subject matter jurisdiction. Plaintiff may do so by filing an amended complaint within thirty (30) days of the issuance of this order. If no amendment is made, the Court will dismiss the instant complaint (Dkt. No. 6) for lack of subject matter jurisdiction. If, in the amended complaint, Plaintiff fails to state sufficient facts to support a cognizable legal theory, the complaint will also be dismissed for failure to state a claim.

The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

DATED this 30th day of January 2024.

<u>Ravi Subramanian</u>
Clerk of Court

<u>s/Kathleen Albert</u>
Deputy Clerk

MINUTE ORDER
C24-0117-JCC
PAGE - 2